UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RONALD HOLLIS,

    Petitioner,

v.                                              CASE NO. 07-CV-12364
                                              HONORABLE VICTORIA A. ROBERTS

MICHIGAN PAROLE BOARD,

    Respondent.
_____/

## ORDER TRANSFERRING CASE TO THE UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT PURSUANT TO 28 U.S.C. § 2244(b)(3)(A)

Ronald Hollis ("Petitioner"), a Michigan prisoner, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his 1992 state court conviction for first-degree criminal sexual conduct for which he is serving a term of four to 30 years imprisonment. Petitioner has filed a prior petition in federal court challenging the same conviction. For the following reasons, the Court concludes that it must transfer this case to the United States Court of Appeals for the Sixth Circuit.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28 U.S.C. § 2241 *et seq*, amended 28 U.S.C. §§ 2244, 2253, and 2254, which govern habeas corpus proceedings in federal courts. Pursuant to those amendments, an individual seeking to file a "second or successive" habeas petition must ask the appropriate court of appeals for an order directing the district court to consider the petition. *See* 28 U.S.C. § 2244(b)(3)(A); *Stewart v. Martinez-Villareal*, 523 U.S. 637, 641 (1998); *In re Wilson*, 142 F.3d 939, 940 (6th Cir. 1998). This requirement transfers to the court of appeals a screening function which the district court previously performed. *Felker v. Turpin*, 518 U.S. 651, 664 (1996).

1

Petitioner has filed a prior habeas petition challenging the same conviction at issue in the instant petition, which was dismissed for failure to comply with the statute of limitations applicable to habeas actions. *See Hollis v. White*, No. 01-CV-73477 (E.D. Mich. Oct. 9, 2001). He has also filed a prior habeas petition challenging the denial of parole, which was dismissed for failure to state upon which habeas relief may be granted. *See Hollis v. Michigan Parole Bd.*, No. 06-CV-14860 (E.D. Mich. Dec. 5, 2006). The Sixth Circuit denied a certificate of appealability in both of those cases. Petitioner has not obtained appellate authorization to file a subsequent petition as required by 28 U.S.C. § 2244(b)(3)(A). Further, it appears that the Sixth Circuit has denied such authorization. *See* Docket, No. 01-CV-73477.

Accordingly,

The Court **ORDERS** the Clerk of the Court to transfer this case to the United States Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. § 1631[1] and *Sims v. Terbush*, 111 F.3d 45, 47 (6th Cir. 1997) ("when a prisoner has sought § 2244(b)(3) permission from the district court, or when a second or successive petition for habeas corpus relief . . . is filed in the district court without § 2244(b)(3) authorization from this court, the district court shall transfer the document to this court pursuant to 28 U.S.C. § 1631").

Dated: June 12, 2007                                S/Victoria A. Roberts
                                                    Victoria A. Roberts
                                                    United States District Judge

---

[1]28 U.S.C. § 1631 provides in pertinent part that:

Whenever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed . . . , and the action . . . shall proceed as if it had been filed in . . . the court to which it is transferred on the date upon which it was actually filed in . . . the court from which it was transferred.

The undersigned certifies that a copy of this document was served on the attorneys of record and pro se petitioner by electronic means or U.S. Mail on June 12, 2007.

S/Carol A. Pinegar
Deputy Clerk